IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE MARTIN,**

    **Petitioner,**

**v.**                        **CIVIL ACTION NO. 1:13CV149**
                              **CRIMINAL ACTION NO. 1:05CR21**
                                    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by the pro se petitioner, George Martin ("Martin") (Dkt. No. 1). On July 16, 2014, the Honorable John S. Kaull, United States Magistrate Judge, issued a report and recommendation ("R&R") in which he recommended that the Court deny and dismiss all of the claims in Martin's motion except for Claim Three, which alleges that counsel refused to let Martin testify on his own behalf at trial (Dkt. No. 17).[1] As to Claim Three, Magistrate Judge Kaull recommended that the Court hold an evidentiary hearing. Id. Martin filed timely objections to part of the R&R (Dkt. No. 23). The government did not object.

---

[1] Following Magistrate Judge Kaull's retirement on September 30, 2015, the case was reassigned to the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 27).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Martin's objections, and **DISMISSES** all of Martin's claims, except Claim Three.

## BACKGROUND[2]

On May 18, 2005, a grand jury in the Northern District of West Virginia returned a superseding indictment charging Martin with the following five felony counts:

- Count One: Conspiracy to Possess with Intent to Distribute and to Distribute in Excess of 50 Grams of Crack Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii);

- Count Two: Aiding and Abetting the Distribution of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2;

- Count Three: Distribution of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

---

[2] Unless otherwise noted, the citations in this section refer to Martin's criminal case, Case No. 1:05CR21. The citations in the remainder of this Memorandum Opinion and Order refer to the instant civil action, Case No. 1:13CV149.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

- Count Four:     Distribution of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and,

- Count Five:     Using a Firearm During and in Relation To a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Dkt. No. 22 at 1-5).

On January 27, 2006, a jury convicted Martin of Counts One, Two, Four, and Five, and acquitted him of Count Three (Dkt. No. 100). On May 12, 2006, the Court sentenced Martin to 210 months of incarceration as to Counts One, Two, and Four, to be served concurrently, and 60 months of incarceration as to Count Five, to run consecutively (Dkt. No. 111).

Martin appealed his sentence to the United States Court of Appeals for the Fourth Circuit, arguing that (1) he had not violated 18 U.S.C. § 924(c)(1)(A)(i) by trading a quantity of cocaine base for a firearm; (2) the Court erred when it failed to instruct the jury on weaker and less satisfactory evidence; and, (3)the Court erred by allowing the government to "improperly bolster" its case by admitting the testimony of a drug task force officer and a videotape. United States v. Martin, 278 F. App'x 248, 250 (4th Cir. 2008) (per curiam) [Martin I]. The government

**MARTIN V. USA**                                                    **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

cross-appealed Martin's sentence, arguing that the Court's determination that it was unable to make additional factual findings not determined by the jury was erroneous. Id. In Martin I, the Fourth Circuit vacated Martin's conviction on the firearm charge in Count Five, affirmed his convictions on Counts One, Two, and Four, and remanded the case to this Court with instructions to resentence Martin. Id. at 253.

The Court resentenced Martin on January 11, 2011, imposing a sentence of 270 months of incarceration as to Count One, and 240 months as to Counts Two and Four, to be served concurrently (Dkt. No. 187). Martin appealed this sentence, arguing the Court had erroneously based his sentence on a drug amount greater than that found by the jury, and had erred by applying a three-level role enhancement under the guidelines.

The Fourth Circuit affirmed Martin's sentence. See United States v. Martin, 456 F. App'x 240, 242 (4th Cir. 2011) (per curiam) [Martin II]. The Supreme Court of the United States later denied his petition for writ of certiorari. Martin v. United States, 133 S.Ct. 285 (Mem) (2012).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

Martin timely filed this motion to vacate pursuant to 28 U.S.C. § 2255, raising the following eleven claims:

1.  Trial counsel failed to file a motion to dismiss or sever Count Five of the superseding indictment;

2.  Trial counsel interfered with plea negotiations;

3.  Trial counsel refused to let him testify on his own behalf;

4.  Trial counsel failed to request appropriate sanctions for the government's discovery violations;

5.  Trial counsel failed to request an informant jury instruction;

6.  Appellate counsel failed to consult with him during the appeals process;

7.  Appellate counsel failed to argue that trial counsel was ineffective for failing to file a motion to dismiss or sever Count Five;

8.  Appellate counsel failed to argue that trial counsel was ineffective for failing to request an informant instruction;

9.  Appellate counsel failed to argue that the expert testimony of the drug task force officer fell below the <u>Daubert</u> standard;

**MARTIN V. USA**                                                          **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

10. Appellate counsel failed to argue that the drug task force officer's testimony regarding prior contact with Martin violated the Federal Rules of Evidence; and,

11. Appellate counsel failed to argue that the probation officer's confidential sentencing recommendation violated Martin's due process rights (Dkt. No. 209-1 at 4-25).

On July 16, 2014, Magistrate Judge Kaull issued his R&R, in which he recommended that the Court deny and dismiss all of Martin's claims, except for Claim Three (Dkt. No. 228). As to that claim, he recommended that the Court hold an evidentiary hearing to determine whether trial counsel, in contravention of Martin's demand, had refused to allow him to testify on his own behalf. Id. at 16-17.

On August 15, 2014, Martin objected to the R&R's recommendations that the Court dismiss Claim Nine and hold an evidentiary hearing on Claim Three (Dkt. No. 235).[3] He argued that

---

[3] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, a court must review de novo only that portion of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because Martin objected to the conclusions in the R&R as to Claims Three and Nine, the Court has

**MARTIN V. USA** 1:13CV149

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

a hearing was unnecessary because the government had not disputed the facts alleged in Claim Three. Id. at 2-13. Subsequently, Martin moved to expand the record and for discovery of his file (Dkt. No. 241). All motions are now fully briefed and ripe for disposition.

### § 2255 STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### APPLICABLE LAW

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was objectively unreasonable ("the performance prong"),

---

reviewed them de novo.

**MARTIN V. USA**                                           **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

and also that such unreasonable performance prejudiced the defense ("the prejudice prong"). Strickland v. Washington 466 U.S. 668, 687 (1984). To satisfy this test, "the defendant must show there is a reasonable certainty that, but for counsel's professional errors, the result of the proceeding would have been different." Id. at 694. When examining counsel's behavior, there is a "strong presumption" that an attorney's behavior is within "the wide range of reasonable professional assistance," id. at 689, a highly deferential standard of reasonableness. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Overcoming Strickland's "high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

The Fourth Circuit distinguishes two categories of decisions made by trial counsel. Personal decisions requiring consent from the defendant include whether to enter a guilty plea, waive a trial by jury, appeal, and testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). Strategic decisions, such as what evidence should be introduced, which objections should be raised, and what pre-trial motions should be filed, "primarily involve trial strategy and tactics." Id. (internal quotations and citations omitted). A strong presumption exists that "counsel's

**MARTIN V. USA**                                                   **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

attention to certain issues to the exclusion of others reflects trial tactics," and not neglect. Harrington v. Richter, 562 U.S. 86, 109 (2011) (citations and internal quotation marks omitted).

## ANALYSIS

I.  **Claims One, Two, Four, Five, Six, Seven, Eight, Ten, and Eleven**

Martin did not object to Magistrate Judge Kaull's recommendation that the Court dismiss Claims One, Two, Four through Eight, Ten, and Eleven (Dkt. No. 17 at 18-19; Dkt. No. 23). Finding no clear error, the Court **ADOPTS** the recommendation in the R&R and **DISMISSES WITH PREJUDICE** Claims One, Two, Four, Five, Six, Seven, Eight, Ten, and Eleven. See Webb, 468 F. Supp. at 825.

II. **Claim Three**

Martin alleges that his trial counsel, James Zimarowski ("Zimarowski"), refused to allow him to testify in his own defense (Dkt. No. 1-1 at 9). According to Martin, Zimarowski "told [him] that he would not be allowed to testify because Zimarowski never prepared the defense in a manner to invoke [Martin's] testimony," and because "the U.S. [A]ttorney would embarrass [sic] him." Id. Based on its reading of the trial transcript, the government

9

**MARTIN V. USA**                                                  **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

contends Martin and Zimarowski "strategically concluded" that Martin should not testify in his defense" (Dkt. No. 16 at 12).

Magistrate Judge Kaull concluded Claim Three could not be resolved on the basis of the record and therefore recommended that the Court convene an evidentiary hearing (Dkt. No. 17 at 17). In his objection, Martin contends that he is entitled to a new trial "based on [the] undisputed facts. . ." (Dkt. No. 23 at 2). Asserting had he been properly advised he would have "exercised his fundamental constitutional right to testify in his own defense . . . ," Martin argues the Court should presume the prejudice prong under Strickland because denial of his right to testify on his own behalf is "per se prejudicial. . . ." Id. at 11.

A defendant in a criminal trial has a constitutional right to testify on his own behalf. See Rock v. Arkansas, 483 U.S. 44, 51-53 (1987); 18 U.S.C. § 3481. Although "the defendant . . . retains the ultimate authority to decide whether or not to testify," United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991), it is his attorney's obligation to ensure that he is informed of his right to testify.[4]  See French, 163 F.3d at 882.  Any claim that counsel

---

[4] A trial court generally has no duty to inform a defendant of his right to testify. McMeans, 927 F.2d at 163.

**MARTIN V. USA**                                                        **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

interfered with the defendant's right to testify implicates the right to effective assistance of counsel, and therefore must be evaluated according to Strickland's two-part test.

Once a defendant establishes that his attorney refused to allow him to testify, he must then "show that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Gregory v. United States, 109 F. Supp. 2d 441, 448 (E.D. Va. 2000) (quoting French, 163 F.3d at 882). This requires that the defendant demonstrate a reasonable probability "sufficient to undermine confidence in the outcome" "that, absent the error, the result of the trial would have been different." Id.

At trial, after the government rested, Zimarowski advised the Court that he had "been in consultation with Mr. Martin and we do not feel the Government's case is sufficient and we will rest at this time and proceed to jury instruction [sic] and closing arguments" (Case No. 1:05CR21, Dkt. No. 126-2 at 21). Martin avers that he told Zimarowski he wanted to testify on his own behalf, but Zimarowski "told [him] no. . ." (Dkt. No. 1-2 at 2). The government did not file an affidavit from Zimarowski.

11

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

Except in cases where the prisoner is clearly not entitled to relief, "§ 2255 makes an evidentiary hearing mandatory." United States v. Stokes, 112 F. App'x 905, 906 (4th Cir. 2004) (per curiam); see also 28 U.S.C. § 2255(b).  Importantly, when the contested issue "is one of credibility," an evidentiary hearing in open court is required because "resolution on the basis of affidavits can rarely be conclusive . . . ." Id. (quoting Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970)).  Here, the contested issue – whether Zimarowski refused to allow Martin to testify, and, if so, whether such refusal prejudiced Martin within the meaning of Strickland – revolves around credibility.  The Court therefore **ADOPTS** the recommendation in the R&R as to Claim Three.

**III. Claim Nine**

Martin contends that appellate counsel was ineffective for failing to argue that the expert testimony of Drug Force Task Officer Sergeant Purkey ("Sgt. Purkey") fell below the standard in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) (Dkt. No. 1-1 at 19).  He argues that the government designated Sgt. Purkey as an expert witness without notice to the defense, and that Sgt. Purkey provided no methodology or foundation for his opinions

**MARTIN V. USA**                                                    **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

regarding the amount of drugs sold by Martin. Id. According to Martin, the Court would not have admitted Sgt. Purkey's expert testimony had it acted properly as a gatekeeper. Id.

Magistrate Judge Kaull recommended dismissing Claim Nine for two reasons. First, he found that defense counsel had objected at trial to the government's use of Sgt. Purkey as an expert witness and that the Court had overruled the objection. Second, he concluded that a court is not required to hold a Daubert hearing unless the parties request one, which, here, they failed to do (Dkt. No. 17 at 13-14). Martin objected, reiterating that his appellate counsel should have raised the issue of Sgt. Purkey's allegedly impermissible expert testimony (Dkt. No. 23 at 18-19).

It is well-established that appellate counsel is "not obligated to assert all nonfrivolous issues on appeal." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). Rather, appellate counsel is to "examine the record with a view to selecting the most promising issues for review." Id. (quoting Jones v. Barnes, 462 U.S. 745, 752 (1983) (internal quotation marks omitted)). Generally, a petitioner can only overcome the presumption of effective assistance of counsel "when ignored issues are clearly

**MARTIN V. USA**                                                    **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

stronger than those presented. . . ." Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) (internal quotation marks omitted)).

Martin has failed to overcome the presumption that his appellate counsel was effective. At trial, Zimarowski vigorously objected to Sgt. Purkey's designation as an expert witness (Case No. 1:05CR21, Dkt. No. 126-1 at 16-19). He argued that Sgt. Purkey's summary evidence would be unhelpful to the jury, and that the government had violated Fed. R. Crim. P. 16's requirement of pre-trial disclosure of expert and summary witnesses. Id. at 19; see also Fed. R. Crim P. 16(a)(1)(G). The Court considered counsel's arguments before ruling that Sgt. Purkey could testify as an expert, and finding no prejudice to Martin. Id. At no time did Martin or his attorney request a Daubert hearing.

On appeal, counsel argued that the Court had erred in permitting Sgt. Purkey to testify about the types of drugs and typical drug weights found in Harrison County. Martin I, 278 F. App'x at 251-52. The Fourth Circuit disagreed, finding no reversible error. Id. at 252. Martin's vehement disagreement with appellate counsel's decision to winnow out weaker arguments on

14

**MARTIN V. USA**                                                         **1:13CV149**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23],
DISMISSING IN PART § 2255 MOTION [DKT. NO. 1],
AND SCHEDULING EVIDENTIARY HEARING**

appeal does not constitute ineffective assistance of counsel. See Jarvis, 236 F.3d at 164.

Even if Martin could establish that appellate counsel's performance was objectively unreasonable, which he cannot, he is unable to establish prejudice. As the trial transcript reflects, Sgt. Purkey was properly qualified as an expert at trial, albeit over Martin's objections, and opined based on his extensive knowledge and experience (Case No. 1:05CR21, Dkt. No. 126-1 at 20-24). The Court therefore **ADOPTS** the recommendation in the R&R as to Claim Nine, **OVERRULES** Martin's objections, and **DISMISSES** Claim Nine **WITH PREJUDICE**.

## CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 17), **DENIES AS MOOT** Martin's motion to expand the record and for discovery (Dkt. No. 26), **OVERRULES** Martins's objections (Dkt. No. 23), **SCHEDULES** an evidentiary hearing as to Claim Three on **Friday, April 15, 2016, at 1:00 P.M.** at the Clarksburg, West Virginia, point of holding court, and **DISMISSES WITH PREJUDICE** the remainder of the claims in Martin's motion.

It is so **ORDERED**.

**MARTIN V. USA**  1:13CV149

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17], OVERRULING OBJECTIONS [DKT. NO. 23], DISMISSING IN PART § 2255 MOTION [DKT. NO. 1], AND SCHEDULING EVIDENTIARY HEARING**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, and to enter a separate judgment order.

DATED:  February 2, 2016.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE