```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                             Criminal Action No. 1:05CR21
                                                              (Judge Keeley)

**GEORGE MARTIN,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 298] AND DENYING
AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL [DKT. NO. 305]**

On March 14, 2019, the defendant, George Martin ("Martin"), filed a pro se motion to reduce his sentence under the First Step Act of 2018 (Dkt. No. 298), and on July 18, 2019, he filed a motion to appoint counsel (Dkt. No. 305). Because he is not entitled to relief under the First Step Act, the Court **DENIES** his motion for a sentence reduction (Dkt. No. 298) and **DENIES AS MOOT** his motion to appoint counsel (Dkt. No. 305).

**I. BACKGROUND**

On March 2, 2005, a grand jury sitting in the Northern District of West Virginia returned a four-count indictment, charging Martin with one count of conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846 (Count One); two counts of aiding and abetting the distribution of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Counts Two and Three); and one count of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1),

**USA V. MARTIN**                                                   **1:05CR21**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S <u>PRO SE</u> MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 298] AND DENYING
AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL [DKT. NO. 305]**

841(b)(1)(C) (Count Four) (Dkt. No. 1). On May 18, 2005, a grand jury returned a superceding indictment, naming Martin in a fifth count of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five) (Dkt. No. 22).

Following a trial on all counts, a jury found Martin guilty of Counts One, Two, Four, and Five (Dkt. No. 100). The Court then imposed a total sentence of 270 months of incarceration and 5 years of supervised released (Dkt. Nos. 106, 111). The parties appealed Martin's conviction and sentence (Dkt. Nos. 107, 109), and Martin filed a <u>pro se</u> motion for retroactive application of the sentencing guidelines for crack cocaine (cocaine base) offenses (Dkt. No. 139). The United States Court of Appeals for the Fourth Circuit affirmed Martin's convictions on Counts One, Two, and Four, vacated his conviction on Count Five, and remanded the case for resentencing (Dkt. No. 132).

At the resentencing hearing on January 12, 2011, the Court determined that Martin was responsible for 11.23 kilograms of cocaine base, which resulted in a guideline range of life in prison (Dkt. Nos. 193 at 2). It then varied from the guideline range and sentenced Martin to 270 months of incarceration and 5 years of

**USA V. MARTIN**                                                                1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S <u>PRO SE</u> MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 298] AND DENYING
AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL [DKT. NO. 305]**

supervised release (Dkt. Nos. 180, 187). Of significance to the merits of the pending motion, Martin was sentenced under the 2010 edition of the United States Sentencing Guidelines, which incorporated the Fair Sentencing Act of 2010. The Court therefore denied his <u>pro se</u> motion as moot (Dkt. No. 188). Martin then unsuccessfully appealed his new sentence (Dkt. No. 182).

On March 14, 2019, Martin filed the instant <u>pro se</u> motion for a sentence reduction under the First Step Act of 2018 (Dkt. No. 28). The Government filed its response on April 11, 2019 (Dkt. No. 304), to which Martin did not reply. His motion is ripe for the Court's review.

## II. APPLICABLE LAW

To determine whether Martin is entitled to have his sentence reduced, the Court must first determine whether such reduction is permitted by the First Step Act. Under Section 404 of the First Step Act, courts that have "imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018)

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S <u>PRO SE</u> MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 298] AND DENYING
AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL [DKT. NO. 305]**

(hereinafter "2018 FSA"). "However, defendants are ineligible for a reduced sentence under the [First Step Act] if their sentence 'was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.'" <u>United States v. Evans</u>, No.1:08CR00024-001, 2019 WL 1199474, at *1 (W.D. Va. Mar. 14, 2019) (quoting 2018 FSA § 404(c)).

### **III. ANALYSIS**

Here, Martin was resentenced using the 2010 Edition of the United States Sentencing Guidelines, which incorporated sections 2 and 3 of the Fair Sentencing Act of 2010 (Dkt. No. 188). Because his resentence was "previously imposed . . . in accordance with" sections 2 and 3, Martin is ineligible for a sentence reduction under the First Step Act of 2018. 2018 FSA § 404(c). Moreover, it is worth nothing that, even were Martin eligible under the First Step Act, his criminal history (category IV), relevant drug conduct (11.23 kilograms of cocaine base), and applicable guideline enhancements (three-level increase for role and two-level increase for obstruction) would still result in a guideline range of life in prison. Accordingly, Martin is not entitled to relief under the First Step Act.

**USA V. MARTIN**                                                    1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S <u>PRO SE</u> MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 298] AND DENYING
AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL [DKT. NO. 305]**

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Martin's motion to reduce his sentence (Dkt. No. 298) and **DENIES AS MOOT** Martin's motion to appoint counsel (Dkt. No. 305).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit a copy of this Order to Martin by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: July 19, 2019

>                               /s/ Irene M. Keeley
>                               IRENE M. KEELEY
>                               UNITED STATES DISTRICT JUDGE