IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                    Criminal Action No. 1:05CR21
                                            (Judge Keeley)

**GEORGE MARTIN,**

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANT'S AMENDED
MOTION FOR RECONSIDERATION [DKT. NO. 311], DENYING AS
MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310], AND
REDUCING DEFENDANT'S SENTENCE PURSUANT TO THE FIRST STEP ACT**

## I. BACKGROUND

On March 2, 2005, a grand jury sitting in the Northern District of West Virginia returned a four-count indictment, charging the defendant, George Martin ("Martin"), with one count of conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846 (Count One); two counts of aiding and abetting the distribution of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Counts Two and Three); and one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Four) (Dkt. No. 1). On May 18, 2005, a grand jury returned a superceding indictment, naming Martin in a fifth count that charged use of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C.

**USA V. MARTIN** 1:05CR21

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANT'S AMENDED
MOTION FOR RECONSIDERATION [DKT. NO. 311], DENYING AS
MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310], AND
REDUCING DEFENDANT'S SENTENCE PURSUANT TO THE FIRST STEP ACT**

§ 924(c)(1)(A)(i) (Count Five) (Dkt. No. 22).

Following a trial on all five counts, a jury found Martin guilty of Counts One, Two, Four, and Five (Dkt. No. 100). The Court sentenced him to 210 months of incarceration on Counts One, Two, and Four, to be served concurrently, and 60 months of incarceration on Count Five, that sentence to be served consecutively to his sentence on Counts One, Two, and Four, for a total sentence of 270 months (Dkt. Nos. 106, 111). It also sentenced Martin to a term of 5 years of supervised released on each count, to be served concurrently. Id. The parties appealed Martin's conviction and sentence (Dkt. Nos. 107, 109), and Martin filed a pro se motion for retroactive application of the sentencing guidelines for crack cocaine (cocaine base) offenses (Dkt. No. 139). The United States Court of Appeals for the Fourth Circuit affirmed Martin's convictions on Counts One, Two, and Four, vacated his conviction on Count Five, and remanded the case for resentencing (Dkt. No. 132).

At the resentencing hearing on January 12, 2011, the Court determined that Martin's relevant conduct was 11.23 kilograms of cocaine base, which resulted in a guideline range of life in prison (Dkt. Nos. 193 at 2). It varied from that guideline range, however,

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

and sentenced Martin to 270 months of incarceration on Count One, and 240 months of incarceration on Counts Two and Four, all to be served concurrently, for a total sentence of 270 months (Dkt. Nos. 180, 187). It again imposed a term of supervised released of five years on each count, to be served concurrently. Id. Martin unsuccessfully appealed this new sentence (Dkt. No. 182).

On March 14, 2019, Martin filed a pro se motion for a sentence reduction under the First Step Act of 2018 (Dkt. No. 28). The Government responded on April 11, 2019 (Dkt. No. 304), but Martin did not reply. Thereafter, on July 19, 2019, the Court denied Martin's motion after determining that he had previously been sentenced in accord with Sections 2 and 3 of the Fair Sentencing Act of 2010 and, in any event, would still have a guideline range of life in prison (Dkt. No. 306 at 4).

On August 12, 2019, Martin mailed his timely pro se notice of appeal (Dkt. No. 314), which was processed and postmarked on August 13, 2019 (Dkt. No. 314-2).[1] Five days later, on August 17, 2019,

---

[1] Although Martin did not mail his pro se notice of appeal within 14 days of Court's July 19, 2019 Memorandum Opinion and Order, or by August 2, 2019, the Court finds good cause to extend his time to file a notice of appeal because the Clerk originally sent the Court's July 19, 2019 Memorandum Opinion and Order to the

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

his attorney sought reconsideration of the July 19, 2019 Memorandum Opinion and Order (Dkt. No. 310), and then filed an amended motion for reconsideration the very next day (Dkt. No. 311). On August 26, 2019, the Fourth Circuit opened Martin's case on appeal (Dkt. No. 316).

On August 30, 2019, Martin filed an unopposed motion in the Fourth Circuit to suspend the briefing schedule on his appeal and sought a limited remand to permit this Court to rule on Martin's pending motions for reconsideration (No. 19-7220, Dkt. No. 6). On September 12, 2019, the Fourth Circuit granted Martin's motion and remanded his case to this Court for the limited purpose of addressing his amended motion for reconsideration on the merits (Dkt. No. 320). Jurisdiction in this Court is now clear, and the matter is fully briefed and ripe for disposition.

---

wrong address. Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."). Because, on July 30, 2019, the Clerk sent it to Martin's correct address, the Court extends his deadline to file a notice of appeal to August 13, 2019 (14 days later), making the instant notice of appeal timely.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

## II. APPLICABLE LAW

Under Section 404 of the First Step Act, courts that have "imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). "A 'covered offense' is defined as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." United States v. Delaney, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) (citations omitted).

"However, defendants are ineligible for a reduced sentence under the [First Step Act] if their sentence 'was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.'" United States v. Evans, No.1:08CR00024-001, 2019 WL 1199474, at *1 (W.D. Va. Mar. 14, 2019) (quoting § 404(c)).

## III. ANALYSIS

"In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First

**USA V. MARTIN**                                                            1:05CR21

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

Step Act, and will then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a).'" Delaney, 2019 WL 861418, at *1 (footnote omitted) (quoting Dillon v. United States, 560 U.S. 817, 826 (2010)).

**A.    Martin is eligible for a sentence reduction under the First Step Act.**

Martin was convicted of one count of conspiracy to possess with intent to distribute and distribute in excess of 50 grams of crack cocaine (Count One), and two counts of distribution of crack cocaine (Counts Two and Four) (Dkt. No. 187). All of these crimes were committed before August 3, 2010. Id. The statutory penalties are set forth in 21 U.S.C. § 841(b)(1), which was amended by the Fair Sentencing Act in 2010.

Before the Fair Sentencing Act took effect, a violation of 21 U.S.C. § 841(a)(1) involving more than 50 grams of crack cocaine resulted in a mandatory minimum sentence of 10 years and a statutory maximum sentence of life in prison. Section 2(a) of the Fair Sentencing Act amended these penalties in § 841(b)(1) by striking "50 grams" in subparagraph (A)(iii) and inserting "280 grams." Thus, after the Fair Sentencing Act took effect in 2010, a

**USA V. MARTIN**                                                1:05CR21

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

violation of § 841(a)(1) involving more than 28 grams but less than 280 grams of crack cocaine resulted in a mandatory minimum sentence of 5 years and a statutory maximum sentence of 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

When the Court resentenced Martin in 2011, it determined that his sentencing range as to Count One was 10 years to life in prison because, at that time, the Fair Sentencing Act did not apply retroactively to his case (Dkt. No. 195 at 49). See United States v. Dorsey, 567 U.S. 260 (2012) (holding that the Fair Sentencing Act's more lenient penalties applied only to offenders whose crimes preceded August 3, 2010, but who were sentenced after that date). Because Martin's statutory sentencing range was 10 years to life in prison, his sentence clearly was not "previously imposed . . . in accordance with the amendments made by section[] 2 . . . of the Fair Sentencing Act . . . ." § 404(c). He therefore is eligible for a sentence reduction under the First Step Act.[2]

**B.     The Court declines to reduce Martin's sentence to time served or, alternatively, 210 months.**

Because Martin is eligible for relief under the First Step

---

[2] The Court's July 19, 2019 Memorandum and Opinion and Order concluding otherwise was plain error (Dkt. No. 306).

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

Act, the Court may—but is not required to—exercise its discretion to reduce his sentence. Indeed, "[t]he First Step Act provides: 'Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.'" United States v. Crews, 385 F. Supp. 3d 439, 443 (W.D. Pa. 2019) (quoting § 404(c)).

Here, Martin requests a reduction in sentence to time served or, alternatively, 210 months of incarceration (Dkt. No. 311 at 2). In support, he explains that he has already served more than 13 years (i.e., more than 156 months) in prison and "has continued to exhibit good behavior since this Court last saw him in 2011," without a disciplinary infraction for the last 7 years. Id. at 18. In addition, Martin has taken educational classes, specializing in agriculture, "to help realize his vision of having a farm when he is released." Id. He also notes that he continues to suffer from diabetes and high blood pressure, and that his family will "provide both a stable residence and a positive support system . . . upon his release." Id. at 19.

In determining whether to exercise discretion to reduce a defendant's sentence pursuant to the First Step Act, courts must consider the reduced mandatory minimum and statutory maximum

**USA V. MARTIN**  1:05CR21

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

sentences, the applicable guideline range, the factors set forth in 18 U.S.C. § 3553(a), and any evidence of post-sentencing rehabilitation. See, e.g., United States v. Shelton, No. 3:07-329 (CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019).

In this case, Martin's mandatory minimum sentence is 5 years and his statutory maximum sentence is 40 years. See supra Section III.A. His criminal history is a category IV (Dkt. No. 304-1). Thus, based on his relevant drug conduct of 11.23 kilograms of cocaine base, his base offense level under the guidelines is a 38 (U.S.S.G. § 2D1.1(c)(1)). Id. That level is increased by two levels because Martin possessed a firearm (U.S.S.G. § 2D1.1(b)(1)), an additional three levels because of his role in the offense (U.S.S.G. § 3B1.1(b)), and another two levels for obstruction of justice (U.S.S.G. § 3C1.1)), yielding a total offense level of 45 and a guideline range of life in prison. Id. Inasmuch as the guideline range exceeds the statutory maximum sentence of 40 years, the statutory maximum of 40 years or 480 months of imprisonment becomes the guideline range (U.S.S.G. § 5G1.1(a)).

When the Court resentenced Martin in 2011, it varied down from life to a sentence of 270 months, a significant variance (Dkt. Nos.

**USA V. MARTIN**                                                    1:05CR21

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

180, 187). Despite that substantial variance, Martin contends that a sentence of time served or, alternatively, 210 months is now warranted, because he has abided by prison rules and has schooled himself through prison programming to be a productive member of society upon his release (Dkt. 311 at 16-20). He also continues to suffer from diabetes and high blood pressure, and contends that he will have a stable residence when he returns to the community. Id. at 19.

When it resentenced Martin in 2011, this Court explained that his original sentence of 210 months as to Counts One, Two, and Four was based on 50 grams of cocaine base and did not take into account the relevant drug weight of 11.23 kilograms of cocaine base proved by the Government at his resentencing hearing (Dkt. No. 195 at 35, 88). The same holds true today. Martin nevertheless contends that a reduced sentence of time served or 210 months is warranted because of his health and post-sentencing rehabilitation.

When it varied to a sentence of 270 months of incarceration in 2011, the Court recognized that, while Martin's diabetes and high blood pressure "are serious issues, . . . these are problems with which the Bureau of Prisons deals all the time and . . . deals with

USA V. MARTIN                                                                    1:05CR21

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

effectively . . . ." Id. at 81. It also recognized the "conflicting picture" presented by Martin's

> post offense rehabilitation and historical nature of the drug weight versus the Government's picture of a person who not only was convicted for serious drug crimes with heavy drug weight who has resisted recognizing and admitting to what he did but attempted at some level some kind of retaliation against law enforcement officers who were directed by me to go get him after he violated my Court Order, left the District and disappeared, didn't show up. So there's an ego lacking insight at work here that can be very dangerous versus a man of some humility appearing today who's attempting to articulate as best he can that he recognizes that he did wrong at some earlier point in his life. So it falls to me to determine from all of this what is a reasonable sentence in the case.

Id. at 82-83.

Notably, although Martin characterizes his crimes as nonviolent (Dkt. No. 311 at 17), he possessed a firearm, and, as this Court recognized, it was "just by luck that somebody didn't die" (Dkt. No. 195 at 83). Considering this, Martin's requested sentence of time served or, alternatively, 210 months of incarceration minimizes the nature and circumstances and the severity of his offenses and, in this Court's opinion, would not

11

**USA V. MARTIN** 1:05CR21

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]**

provide just punishment or afford adequate deterrence to like criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (2).

Nevertheless, after weighing these factors against Martin's documented post-sentencing rehabilitation and the policy factors underlying the First Step Act, the Court concludes that a reduction in sentence to 240 months of incarceration followed by 4 years of supervised release is reasonable and, accordingly, **REDUCES**

**(1)** Martin's term of incarceration on Count One from 270 to 240 months, to be served concurrently with his sentence of 240 months on Counts Two and Four; and

**(2)** his term of supervised release from 5 to 4 years on Counts One, Two, and Four, to be served concurrently.[3]

## IV. CONCLUSION

For the reasons discussed, the Court **GRANTS IN PART AND DENIES IN PART** Martin's amended motion for reconsideration (Dkt. No. 311), and **DENIES AS MOOT** his motion for reconsideration (Dkt. No. 310).

---

[3] This reduction reflects that, after the Fair Sentencing Act, § 841(b)(1)(B)(iii) requires four—not five—years of supervised release. See Crews, 385 F. Supp. 3d at 447 (observing that, before the Fair Sentencing Act, the statutory minimum term of supervised release for a conviction involving more than 50 grams of cocaine base was 5 years).

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANT'S
## AMENDED MOTION FOR RECONSIDERATION [DKT. NO. 311] AND
## DENYING AS MOOT HIS MOTION FOR RECONSIDERATION [DKT. NO. 310]

Further, it **REDUCES** Martin's term of incarceration on Count One from 270 to 240 months, to be served concurrently with his sentence of 240 months on Counts Two and Four, and **REDUCES** his term of supervised release from 5 to 4 years on each count, to be served concurrently.[4]

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit a copy of this Order to Martin by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: October 2, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[4] The Court declines Martin's invitation to conduct another sentencing hearing, which the First Step Act plainly does not require. See, e.g., United States v. Perkins, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("[A] full resentencing is neither required nor called for."); United States v. Davis, No. 07-cr-2458, 2019 WL 1054554, at *4 (W.D.N.Y. Mar. 6, 2019) ("The [First Step] Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted. Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that [defendant] advocates.").