IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                              CRIMINAL ACTION NO. 1:05CR21
                                     (Judge Keeley)

**GEORGE MARTIN,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

Pending is the defendant, George Martin's ("Martin"), motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i) (Dkt. No. 329). Finding that no extraordinary and compelling reason exists to modify Martin's term of imprisonment, the Court **DENIES** his request.

**I.    BACKGROUND**

**A.    February 25, 2021 Memorandum Opinion and Order**

In a prior Memorandum Opinion and Order entered on February 25, 2021[1] (Dkt. No. 350), the Court found that neither Martin's medical conditions nor the COVID-19 conditions at FCI Fort Dix, where Martin is currently incarcerated, independently constituted an extraordinary and compelling reason to justify his release. Id. at 12-15. It also considered the sentencing factors under 18 U.S.C.

---

[1] The Court incorporates by reference the history of Martin's case and pending motion set forth in its Memorandum Opinion and Order.

**US V. MARTIN** 1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

§ 3553(a) as they relate to Martin, and observed that, since October 2019, when the Court reduced Martin's sentence pursuant to § 404 of the First Step Act of 2018, the only change in Martin's circumstances had been the presence of COVID-19 at FCI Fort Dix. Id. at 15-18.

Based on the record before it, the Court could not determine whether, as Martin argued, his medical conditions in combination with the existence of the COVID-19 pandemic at FCI Fort Dix, justified a further reduction of his sentence. Id. at 22. It questioned whether his release into the Pittsburgh, Pennsylvania community actually would provide a safer alternative to his present incarceration in light of the fact that (1) the BOP had effectively managed his medical conditions, thereby reducing his COVID-19 related risks, (2) Pittsburgh had a significant history of COVID-19 cases and related deaths, and (3) Martin had provided no evidence of his ability to manage his medical conditions in the community. Id. at 18-19.

For these reasons, the Court deferred ruling on Martin's motion to allow him to submit a reentry plan detailing how he would manage his chronic medical conditions while living in Pittsburgh,

**US V. MARTIN** 1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

and confirming that the United States Probation Office for the Western District of Pennsylvania would provide courtesy supervision. Id. at 22-23.

**B.  Martin's Reentry Plan**

On March 8, 2021, Martin submitted a reentry plan for the Court's review (Dkt. No. 351). According to Martin, the United States Probation Office for the Western District of Pennsylvania has agreed to accept courtesy supervision and has approved his proposed residence. Id. at 1. He asserts that his release to Pittsburgh is a safer alternative to incarceration because, even while employed, he will be isolated from the community at large and, when not isolated, will wear a mask and practice social distancing. Id. at 2.

Martin "anticipates no interruptions to his medical care, and no obstacles to managing his conditions outside the BOP." Id. at 3. He has identified local clinics where he can seek affordable medical treatment and has developed a plan to maintain the continuity of his prescribed medications.[2] Id. at 3-5.

---

[2] The BOP will provide Martin with a sixty (60) day supply of his prescriptions, and, during that time, he will obtain health insurance or prescription aid (Dkt. No 351 at 2-3). Alternatively,

3

**US V. MARTIN**                                                                                         **1:05CR21**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

### C.   Government's Response

The Government responded to Martin's reentry plan on March 17, 2021 (Dkt. No. 353), contending that the BOP has controlled the spread of COVID-19 at FCI Fort Dix, as evidenced by its reduced infection rate.[3] Id. at 2. The Government also reported that the BOP is aggressively vaccinating its staff and inmates to prevent the spread of COVID-19. Id. at 1. As of March 17, 2021, 183 BOP staff members and 157 inmates at FCI Fort Dix had been fully vaccinated. Id. And, because "[i]nmates are vaccinated based upon identified risk factors in accordance with the CDC guidelines," Martin had been offered an FDA approved COVID-19 vaccine on January 20, 2021, but refused to be vaccinated. (Dkt. Nos. 353 at 1, 353-1). As a consequence, the Government argues the Court should deny Martin's motion for compassionate release because the BOP has appropriately responded to the presence of COVID-19 at FCI Fort Dix. Moreover, although Martin premised his motion on concern for the serious illness he could suffer should he contract COVID-19,

---

he will purchase his lost-cost prescriptions through his family's financial support. Id. at 3.
[3] As of March 17, 2021, there were thirteen (13) inmate cases of COVID-19 at FCI Fort Dix (Dkt. No. 353 at 2).

4

**US V. MARTIN**                                                                 1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

he refused to protect himself when offered the opportunity to do so. Id. at 1-2.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(c), the Court may not modify a term of imprisonment except in limited circumstances. One such circumstance permits a court to reduce a defendant's term of imprisonment if, after considering the sentencing factors under 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" exist for such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release provision). An inmate's particularized susceptibility to COVID-19 and increased risk of contracting the virus may constitute an extraordinary and compelling reason justifying compassionate release. See United States v. Dungee, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020).

In evaluating whether extraordinary and compelling reasons exist, courts have relied on guidance from the Centers for Disease Control and Prevention ("CDC") to determine when an inmate has co-morbidities that place him at an increased risk of serious illness from COVID-19. See United States v. Wilson, 2020 WL 4287592 *3

**US V. MARTIN**                                                              1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

(S.D.W. Va. July 27, 2020). Courts now also consider whether a defendant has access to an FDA approved COVID-19 vaccine:

> The opportunity for individually-identifiable inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 infection vulnerability and inability to protect themselves against the virus, even with comorbidities. Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated.

United States v. Poupart, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) (internal citations omitted).

A defendant's refusal to take preventative measures to protect himself from COVID-19 undermines any assertion that extraordinary and compelling reasons exist for his release. See United States v. Ervin, 2021 WL 848690, at *3 (M.D. Tenn. Mar. 5, 2021) (collecting cases); United States v. Lohmeier, 2021 WL 365773, at *2–3 (N.D. Ill. Feb. 3, 2021) (collecting cases); United States v. McBride, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021). While a defendant has the right to refuse medical treatment, "[i]t would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care

6

afforded to [him]." United States v. Zambrano, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021).

Here, as noted earlier, Martin has premised his request for compassionate release on his fear of contracting COVID-19. This fear, however, is belied by his refusal to be vaccinated against the virus at a time when the infection rate at FCI Fort Dix was extremely high.[4] When he declined to take the available precautions, Martin's refusal undermined his assertion that extraordinary and compelling reasons exist for his release. "[H]e cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." Lohmeier, 2021 WL 365773, at *2-3.

While Martin relies on CDC guidance to argue that his medical conditions make him particularly vulnerable to severe COVID-19 related illness, he disregards the CDC's recommendation to protect himself through vaccination.[5] Notably, when offered a vaccine on January 20, 2021, Martin declined the opportunity to be inoculated

---

[4] On January 20, 2021, there were 120 inmate and 29 staff cases at FCI Fort Dix.

[5] CDC, COVID-19 Vaccine: Helps Protect You From Getting COVID-19, (March 18, 2021) https://www.cdc.gov/coronavirus/2019-ncov/vaccines/index.html (last visited March 25, 2021).

**US V. MARTIN**                                                                 **1:05CR21**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

ahead of the vast majority of the United States's population. Even now, two months later, only 25.7% of individuals in the United States have received at least one dose of a vaccine and only 14% have been fully vaccinated.[6]

Moreover, since the Court issued its Memorandum Opinion and Order on February 25, 2021, the COVID-19 conditions at FCI Fort Dix have improved markedly. For example, on February 25th there were 192 inmate and 38 staff cases of COVID-19 at FCI Fort Dix. But, as of March 26, 2021, by contrast, there are only 2 inmate and 42 staff cases at a facility housing 2,761 inmates. Accordingly, Martin's risk of exposure to COVID-19 at FCI Fort Dix has decreased dramatically and will continue to decline as more staff and inmates are vaccinated.

Undoubtedly, FCI Fort Dix was profoundly impacted by the COVID-19 pandemic, but its current low infection rate demonstrates that the BOP's preventative measures and vaccination efforts have effectively controlled the spread of the virus within the facility. By refusing to be vaccinated, moreover, Martin contributes to any

---

[6] CDC, COVID-19 Vaccinations in the United States (March 24, 2021) https://covid.cdc.gov/covid-data-tracker/#vaccinations (last visited March 25, 2021).

8

**US V. MARTIN** 1:05CR21

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

remaining risk he faces at FCI Fort Dix, and it would be inappropriate for the Court to find that such residual risk justifies his release. Thus, no extraordinary and compelling reason exists to reduce Martin's sentence based on his fear of contracting COVID-19 when he has refused to take the very precautions that would significantly reduce such risk.

Nor does any other extraordinary and compelling reason justify his release. Martin's medical conditions are well-managed by the BOP and his health is stable. His post-sentencing conduct has remained unchanged since the Court last reduced his sentence, and his alleged rehabilitation is not an extraordinary and compelling reason for his release. 28 U.S.C. § 994(t); United States v. Jones, 2021 WL 217157, at *2 (E.D. Va. Jan. 21, 2021). While Martin's participation in work and vocational programs during his incarceration is commendable, his post-sentencing conduct when considered as a whole does not warrant compassionate release in light of the seriousness of his offenses, the time remaining on his sentence, the decreasing risk of COVID-19 at FCI Fort Dix, and his decision to decline an FDA approved vaccine.

**US V. MARTIN**                                                                                     **1:05CR21**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 329]**

**IV. CONCLUSION**

Therefore, for the reasons discussed, the Court:

1. **DENIES** Martin's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i) (Dkt. No. 329); and

2. **DENIES AS MOOT** Martin's motion for a hearing to address representation (Dkt. No. 344).

The Clerk **SHALL** transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: March 26, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE!

10